**JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, CA 94621
Telephone:   (510) 839-5200
Facsimile:   (510) 839-3882
Email: John.Burris@johnburrislaw.com
Email: Adante.Pointer@johnburrislaw.com
Email: Patrick.Buelna@johnburrislaw.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| I.F., by and through her guardian ad litem SHASTA SKINNER, individually and as successor-in-interest to Decedent RONELL FOSTER; R.F., by and through his guardian ad litem SHENA BATTEN, individually and as successor-in-interest to Decedent RONELL FOSTER; PAULA MCGOWAN, individually; and RONELL FOSTER, SR., individually.<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; RYAN MCMAHON, individually and in his official capacity as a Police Officer for the CITY OF VALLEJO; and DOES 1-50, inclusive.<br><br>　　　　　　Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES<br><br><br>JURY TRIAL DEMANDED |

# INTRODUCTION

1. This case arises out of the night of February 13, 2018, when Vallejo Police Officer Ryan McMahon wrongfully shot and killed unarmed Ronell Foster. Officer McMahon fired several shots that struck Mr. Foster in the back and the back of his head that killed Mr. Foster while he attempted to flee over a fence near 415 Carolina Street, Vallejo, CA. As a result of Officer McMahon's wrongful killing of Ronell Foster, Mr. Foster suffered severe emotional and physical pain prior to death. Officer McMahon's unlawful shooting left Mr. Foster's family, including his parents and two children, devastated and confused.

Vallejo Police Department Spokesman Lt. Kenny Park's best explanation for why Officer McMahon shot Mr. Foster was that Mr. Foster was allegedly holding a flashlight in a threatening manner despite the fact that an eyewitness reports that he never saw Mr. Foster holding anything prior to Officer McMahon opening fire. In fact, when Officer McMahon reported shooting Mr. Foster to dispatch and other officers, his only statement, made seconds after killing Mr. Foster, was that Mr. Foster had attempted to flee over the alley fence.

Vallejo Police Department has refused to release any body camera footage of the incident despite repeated requests from the family who deserve to know how their how their beloved family member died.  In light of Vallejo Police Department's history of releasing body cameras in prior police shooting incidents to the family, the Department's unwillingness to disclose the body camera video from the shooting officer in this incident only strengthens the family and community's suspicion that Officer McMahon wrongfully killed Ronell Foster.

# JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

# PARTIES

3. Plaintiff I.F., a minor and resident of VALLEJO, SOLANO COUNTY,

CALIFORNIA, by and through her guardian ad litem, SHASTA SKINNER, sues in her individual capacity and as successor-in-interest to Decedent RONELL FOSTER (hereinafter referred to as "Foster"). Plaintiff is, and at all times herein mentioned, a citizen of the United States. Plaintiff I.F. is the biological daughter of Decedent RONELL FOSTER.

4. Plaintiff R.F., a minor and resident of VALLEJO, SOLANO COUNTY, CALIFORNIA, by and through his guardian ad litem, SHENA BATTEN, sues in his individual capacity and as successor-in-interest to Decedent RONELL FOSTER. Plaintiff is, and at all times herein mentioned, a citizen of the United States. Plaintiff R.F. is the biological son of Decedent RONELL FOSTER.

4. Plaintiff PAULA MCGOWAN is a competent adult, a resident of REDWOOD CITY, SAN MATEO COUNTY, CALIFORNIA, and is a United States Citizen. Plaintiff is the biological mother of Decedent RONELL FOSTER.

5. Plaintiff RONELL M. FOSTER, SR. is a competent adult, a resident of VALLEJO, SOLANO COUNTY, CALIFORNIA, and is a United States Citizen. Plaintiff is the biological father of Decedent RONELL FOSTER.

8. Defendant CITY OF VALLEJO is and at all times herein mentioned is a municipal entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF VALLEJO POLICE DEPARTMENT.

5. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and unlawful use of force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiffs will ask leave

to amend this complaint subject to further discovery.

6. In doing the acts alleged herein, Defendants, and each of them acted, within the course and scope of their employment for the CITY OF VALLEJO.

7. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

8. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

9. On the night of February 13, 2018, Ronell Foster was riding his bike in downtown Vallejo near 415 Carolina Street and stopped to talk with a group of friends. Shortly after Mr. Foster began to ride his bike away from the group, a Vallejo Police Department patrol car with a yet-to-be identified Vallejo Police Officer and Officer McMahon started to stalk Mr. Foster. Out of fear, Mr. Foster got off his bike and ran towards the alley at 415 Carolina Street. Defendant Vallejo Police Officer Ryan McMahon exited his car and chased after Mr. Foster.

10. Officer McMahon chased Mr. Foster, who was unarmed, into the alleyway. Officer McMahon confronted Mr. Foster and struck Mr. Foster over the head with a flashlight causing a large gash on his head. Defendant McMahon also tased Mr. Foster, who then turned his back and attempted to flee over the alley fence. Shockingly, Officer McMahon gunned Mr. Foster down with his pistol striking Mr. Foster several times in the back and the back of his head.

11. Despite the clear bullet wounds to his back and the back of his head, the Vallejo Police Department spokesman Lt. Kenny Park insisted that a struggle took place between Mr. Foster and Officer McMahon. Vallejo Police Department alleged Mr. Foster took Defendant McMahon's flashlight from the Officer and raised it in a threatening manner, which caused Defendant McMahon to shoot Mr. Foster several times in the back and back of his head.

12. A third party eyewitness who saw the incident between Officer McMahon and Mr. Foster occur in his backyard stated that he did not see Mr. Foster raise a flashlight in a

threatening manner or even have anything in his hands prior to Officer McMahon shooting Mr. Foster several times. Furthermore, based on photos of Mr. Foster's body, there appears to be a large gash on Mr. Foster's head consistent with having been hit on the head with the flashlight by Officer McMahon.

13. Despite Vallejo Police Department's insistence there was a struggle, there has been no reports that Officer McMahon was injured in any way as a result of this incident. In fact, when Defendant McMahon reported shooting Mr. Foster to dispatch and other officers, his only statement, made seconds after killing Mr. Foster, was that Mr. Foster had attempted to flee over the alley fence. All of the evidence, including the bullet wounds that Mr. Foster suffered to his back and the back of his head, is consistent with Mr. Foster fleeing from the officer when Officer McMahon opened fired.

14. Plaintiffs have made repeated Public Records Act requests as well as other formal and informal requests from the Vallejo Police Department to release the video footage from Officer McMahon's body camera. Vallejo Police Department has refused or ignored all of Plaintiffs' request to disclose the video footage. This only stokes the family's suspicion that Mr. Foster did not present any threat or harm to Officer McMahon when he opened fire; especially because the Vallejo Police Department has released the video footage to other families who had a family member shot and killed by Vallejo Police Department officers, including the 2017 Vallejo police shooting of 21-year-old Angel Ramos. Left without an adequate explanation, Plaintiffs are forced to grieve and mourn their beloved family member without the benefit of knowing the facts that led up to Officer McMahon killing Ronell Foster on the night of February 13, 2018.

15. As a result of Officer's McMahon excessive force, Decedent Ronell Foster suffered a tragic and horrific death as he was beaten, tased and shot several times causing Mr. Foster to experience extreme physical and emotional pain just prior to succumbing to his injuries. Mr. Foster leaves behind a devastated family including both of his parents Plaintiff Paula McGowan and Plaintiff Ronell M. Foster, Sr., as well as his two minor children, son Plaintiff R.F. and daughter Plaintiff I.F.

## DAMAGES

16. As a proximate result of the Defendant's unreasonable and excessive force, Decedent and Plaintiffs suffered injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

17. The conduct of Defendant McMahon was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against Defendant McMahon.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Unlawful Detention and Arrest under 42 U.S.C. Section 1983)**
*(Plaintiffs I.F. and R.F. as successors-in-interest against Defendant McMahon and DOES 1-25)*

18. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17 of this complaint.

19. At the time Defendant Officer McMahon seized Plaintiff, he did not have probable cause to make an arrest and/or detain Mr. Foster. Officer McMahon simply chased, cornered and shot Mr. Foster without a lawful basis, which violated Decedent's right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution.

20. As a result of his misconduct, Defendant McMahon is liable for Decedent's injuries, pain and suffering.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiffs I.F. and R.F. as successors-in-interest against Defendant McMahon and DOES 1-25)*

21. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 20 of this Complaint.

22. When Defendant McMahon shot Mr. Foster, Mr. Foster had presented no serious threat or harm to Officer McMahon, which violated his training and Decedent's constitutional rights under the Fourth Amendment.

23. As a result of his misconduct, Defendant McMahon is liable for Decedent's injuries, pain and suffering.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(Plaintiffs against Defendant CITY OF VALLEJO and DOES 26-50)*

24. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 23 of this complaint.

25. Plaintiffs are informed and believe and thereon allege that high ranking CITY OF VALLEJO officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Defendant Officer McMahon beat, shot and killed an unarmed man, who did not present a threat to the officers. Officials should have known about acts of misconduct by their officers given that this incident of excessive force and misconduct is yet one more in a collection and string of excessive force incidents committed by CITY OF VALLEJO POLICE Officers. For example:

   a. A Vallejo Police Officer shot and killed unarmed 21-year-old Angel Ramos at his home in January 2017. (Case No.: 2:17-cv-01619)
   b. In 2017, a bystander video recorded a Vallejo Police Officer beating an unarmed man on the ground and when onlookers protested his excessive force he pointed his pistol at them.[1]

---

[1] "Video of Vallejo officer raises questions about excessive force." (http://www.ktvu.com/news/ktvu-local-news/controversial-video-of-vallejo-officer-arresting-man-raises-questions-of-excessive-force)

    c. In 2012, a Vallejo Police officer shot Anton Barrett when he was simply reaching for his wallet. [2]

26.    Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. The Vallejo Police Department invented and adopted the hard-to-believe story that their officer shot Mr. Foster because he raised a flashlight in a threatening manner despite clear bullet wounds to Mr. Foster's back and the back of his head.

27.    Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Decedent's and Plaintiffs' rights as alleged herein.

28.    As against Defendant CITY OF VALLEJO, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of CITY OF VALLEJO POLICE'S DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

29.    Plaintiffs are informed and believe and thereon allege that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO, and each of them, to repeated acts of misconduct, which were tacitly authorized, encouraged or

---

[2] "Vallejo man, 42, fatally shot by police, another arrested following pursuit"

(https://www.mercurynews.com/2012/05/28/vallejo-man-42-fatally-shot-by-police-another-arrested-following-pursuit/)

condoned by the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO, and each of them.

30. The injuries and damages to Decedent and Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO, and each of them.

31. Plaintiffs are informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO.

32. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' and Decedent's damages and injuries were caused by customs, policies, patterns or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants, and DOES 1-50, and/or each of them.

33. The aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO, and each of them, resulted in the deprivation of Decedent's and Plaintiffs' constitutional rights.

34. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking CITY OF VALLEJO officials, including high ranking CITY OF VALLEJO POLICE'S DEPARTMENT supervisors, Defendants, and DOES 1-50, and each of them, and the aforementioned customs, policies or practices of Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO resulted in the deprivation of Decedent's and Plaintiffs' constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as

guaranteed by the Fourteenth Amendment to the United States Constitution;

 c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

35. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
**Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship**
*(Plaintiffs against Defendant McMahon and DOES 1-25)*

36. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 35 of this Complaint.

37. As a legal cause of Defendants acting under color of law, acts and/or inactions, Plaintiffs were deprived of their constitutional rights to a familial relationship, and whose deliberate indifference caused injuries, which resulted in Decedent's death, all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution.

38. As a result of his misconduct, Defendant McMahon is liable for Decedent's injuries as well as Plaintiffs' suffering and loss of their familial relationship.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

39. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, Plaintiffs prays for relief, as follows:

1. For general damages in a sum to be proven at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For punitive damages against Defendant McMahon and DOES 1-25 in a sum according to proof;

4. Declaratory and injunctive relief, including but not limited to the following:

   i. An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for disclosing body camera footage from their officers to the community and family within 30 days after a police shooting in order to encourage transparency and trust.

5. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated:  March 27, 2018                                   **Law Offices of John L. Burris**

                                                         ___/s/ _John L. Burris_
                                                         JOHN L. BURRIS
                                                         Attorney for Plaintiffs