1 **JOHN L. BURRIS, Esq., SBN 69888**
**ADANTE D. POINTER, Esq., SBN 236229**
**LATEEF H. GRAY, Esq., SBN 250055**
2 **PATRICK M. BUELNA, Esq., SBN 317043**
**LAW OFFICES OF JOHN L. BURRIS**
3 Airport Corporate Center
7677 Oakport St., Suite 1120
4 Oakland, CA 94621
Telephone:     (510) 839-5200
5 Facsimile:     (510) 839-3882

6 Attorneys for Plaintiffs R.F., through his guardian
ad litem SHENA BATTEN, PAULA MCGOWAN,
and RONELL FOSTER, SR.
7
**MICHAEL J. HADDAD (State Bar No. 189114)**
8 **JULIA SHERWIN (State Bar No. 189268)**
**MAYA SORENSEN (State Bar No. 189422)**
**TERESA ALLEN (State Bar No. 264865)**
9 **HADDAD & SHERWIN LLP**
505 Seventeenth Street
10 Oakland, California 94612
Telephone: (510) 452-5500
11 Facsimile: (510) 452-5510

12 Attorneys for Plaintiff I.F., through her Next Friend,
SHASTA SKINNER

13              **UNITED STATES DISTRICT COURT**

14         **FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  I.F., by and through her Next Friend, SHASTA SKINNER, individually and as successor-in-interest to Decedent RONELL FOSTER; R.F., by and through his guardian ad litem SHENA BATTEN, individually and as successor-in-interest to Decedent RONELL FOSTER; PAULA MCGOWAN, individually; and RONELL FOSTER, SR., individually. | )  Case No.: 2:18-cv-00673-JAM-CKD ) ) )  **FIRST AMENDED** )  **COMPLAINT FOR** )  **DAMAGES, DECLARATORY,** )  **AND INJUNCTIVE RELIEF** ) ) |
| 19              Plaintiffs, | ) ) |
| 20  v. | )  **JURY TRIAL DEMANDED** ) |
| 21  CITY OF VALLEJO, a municipal corporation; RYAN MCMAHON, individually as a Police Officer for the CITY OF VALLEJO; and DOES 1-50, inclusive, jointly and severally. | ) ) ) ) ) |
| 23              Defendants. | ) ) |
| 24 | ) ) |
| 25 | ) ) |

**INTRODUCTION**

1.      This case arises out of the night of February 13, 2018, when Vallejo Police Officer Ryan McMahon wrongfully shot and killed unarmed Ronell Foster. Officer McMahon chased after and cornered Ronell Foster in an alley for the alleged crime of riding his bicycle recklessly. Officer McMahon's partner, a yet-to-be identified officer, chose not to chase after Foster at all and stayed in the patrol car, meanwhile Officer McMahon cornered Mr. Foster in an alley and fired several bullets into Mr. Foster's back and the back of his head. As a result of Officer McMahon's wrongful killing of Ronell Foster, Mr. Foster suffered severe emotional and physical pain prior to death. Officer McMahon's unlawful shooting left Mr. Foster's family, including his parents and two children, devastated and confused.

2.       Police Department Spokesman Lt. Kenny Park's best explanation for why Officer McMahon shot Mr. Foster was that Mr. Foster was allegedly holding a flashlight in a threatening manner.  Yet, on information and belief, he was shot in the back.

3.      After initial refusals to release any body camera footage, Vallejo Police Department permitted Ronell Foster's parents, Plaintiff Paula McGowan and Ronell Foster, Sr., to view the footage on the condition that their attorneys were not present. The video footage left Plaintiffs even more distraught, because they saw that their son, Decedent Ronell Foster, was unjustly shot and killed.

**JURISDICTION**

4.      This action arises under Title 42 of the United States Code, Section 1983. Title 28 of the United States Code, Sections 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in Vallejo, California, which is within this judicial district. Title 28 United States Code Section 1391(b) confers venue upon this Court.

**PARTIES**

5.      Plaintiff I.F., a minor and resident of VALLEJO, SOLANO COUNTY, CALIFORNIA, brings these claims by and through her Next Friend, SHASTA SKINNER,

pursuant to Fed. R. Civ. Proc. 17(c)(2).  Plaintiff I.F. sues in her individual capacity and as successor-in-interest to Decedent RONELL FOSTER (hereinafter referred to as "Foster"). Plaintiff is, and at all times herein mentioned, a citizen of the United States. Plaintiff I.F. is the biological daughter of Decedent RONELL FOSTER.  Plaintiff I.F. brings these claims individually and on behalf of Decedent RONELL FOSTER pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq. which provide for survival and wrongful death actions.  Both the wrongful death and survival claims survive the death of RONELL FOSTER; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure § 377.62.  Plaintiff also brings her claims on the basis of 42 USC §§ 1983 and 1988, the United States Constitution, and federal civil rights law. Plaintiff also brings these claims as Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance.

6.      Plaintiff R.F., a minor and resident of VALLEJO, SOLANO COUNTY, CALIFORNIA, brings these claims by and through her Next Friend, SHENA BATTEN, pursuant to Fed. R. Civ. Proc. 17(c)(2).  Plaintiff R.F. sues in his individual capacity and as successor-in-interest to Decedent RONELL FOSTER (hereinafter referred to as "Foster"). Plaintiff is, and at all times herein mentioned, a citizen of the United States. Plaintiff I.F. is the biological son of Decedent RONELL FOSTER.  Plaintiff R.F. brings these claims individually and on behalf of Decedent RONELL FOSTER pursuant to California Code of Civil Procedure §§ 377.20 et seq. and 377.60 et seq. which provide for survival and wrongful death actions.  Both the wrongful death and survival claims survive the death of RONELL FOSTER; both arise from the same wrongful act or neglect of another; and such claims are properly joined pursuant to California Code of Civil Procedure § 377.62.  Plaintiff also brings his claims on the basis of 42

USC §§ 1983 and 1988, the United States Constitution, and federal civil rights law.  Plaintiff also brings these claims as Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance.

7.     Plaintiff PAULA MCGOWAN is a competent adult, a resident of REDWOOD CITY, SAN MATEO COUNTY, CALIFORNIA, and is a United States Citizen. Plaintiff is the biological mother of Decedent RONELL FOSTER.

8.     Plaintiff RONELL M. FOSTER, SR. is a competent adult, a resident of VALLEJO, SOLANO COUNTY, CALIFORNIA, and is a United States Citizen. Plaintiff is the biological father of Decedent RONELL FOSTER.

9.     Defendant CITY OF VALLEJO is and at all times herein mentioned is a public entity duly organized and existing under the laws of the State of California that manages and operates the CITY OF VALLEJO POLICE DEPARTMENT.

10.    Defendant RYAN MCMAHON ("McMahon") at all material times was employed as a law enforcement officer by Defendant CITY OF VALLEJO, and was acting within the course and scope of that employment.

11.    Defendant CITY OF VALLEJO has refused to produce or show Plaintiffs or their counsel any records of this incident, its investigations of it, or the names of involved officers other than Sgt. MCMAHON, despite Plaintiffs' repeated and lawful requests for such information.  Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names.  On information and belief, Defendant DOES 1-50 ("Doe Defendants") at all material times were employed as law enforcement officers by Defendant CITY OF VALLEJO, and were acting within the course and scope of that employment.  Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages

hereinafter set forth.  Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and unlawful use of force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.  Plaintiffs will ask leave to amend this complaint subject to further discovery.

12.     In doing the acts alleged herein, Defendants, and each of them acted, within the course and scope of their employment for the CITY OF VALLEJO.

13.     In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14.     Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.  Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, and had fundamental involvement and was an integral participant to the events and violations of rights described herein, resulting in the deprivation of Plaintiff's and Decedent's constitutional rights and other harm.

15.     Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

16.     The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices, training, and procedures of the Vallejo Police Department.

17.     On March 14, 2018, Plaintiffs filed a timely government claim with the City of Vallejo, which was rejected by operation of law.

## STATEMENT OF FACTS

18.     On the night of February 13, 2018, Ronell Foster was riding his bike in downtown Vallejo near 415 Carolina Street and stopped to talk with a group of friends. Shortly after Mr. Foster began to ride his bike away from the group, a Vallejo Police Department patrol car with a yet-to-be identified Vallejo Police Officer and Officer McMahon started to stalk Mr. Foster. Out of fear, Mr. Foster got off his bike and ran towards the alley at 415 Carolina Street. Defendant Vallejo Police Officer Ryan McMahon allegedly exited his car to chase after Mr. Foster for recklessly riding his bicycle, while his partner, a yet-to-be identified officer, remained in the patrol car.

19.     Officer McMahon cornered Mr. Foster, who was unarmed, in an alleyway near 415 Carolina Street, Vallejo, CA. Officer McMahon took Mr. Foster to the ground and tased him several times.  In fear for his life, Mr. Foster got back up to flee from the officer. Officer McMahon gunned Mr. Foster down with his pistol striking Mr. Foster several times in the back and the back of his head.

20.     As a result of Officer's McMahon excessive force, Decedent Ronell Foster suffered a tragic and horrific death as he was beaten, tased and shot several times causing Mr. Foster to experience extreme physical and emotional pain just prior to succumbing to his injuries. Mr. Foster leaves behind a devastated family including both of his parents Plaintiff Paula McGowan and Plaintiff Ronell M. Foster, Sr., as well as his two minor children, son Plaintiff R.F. and daughter Plaintiff I.F.

21.     After initial refusals to produce the body camera footage from the Defendant Officer, the Defendant City allowed Decedent Ronell Foster's parents, Plaintiff Ronell Foster, Sr. and Paula McGowan, to view the footage on the condition that they view the footage without their counsel. Defendant City briefly showed the body camera footage to Plaintiffs in a room with officers, narrated by officers, and no counsel.

22.     Plaintiffs left the viewing of the body camera footage distraught having seen the unjust shooting and killing of their son, Decedent Ronell Foster. After initially representing that Defendant City would allow Plaintiffs' counsel to view the video, the Defendant City refused to allow Plaintiff's counsel to see the video when Plaintiffs' counsel attempt to arrange a time to see the video.

23.     At the time Defendant McMahon decided to shoot Ronell Foster, Mr. Foster had not made any threatening movement or gesture that would cause any reasonable officer to believe he posed an immediate threat of death or serious injury to anyone.  In fact, Mr. Foster was attempting to flee from Defendant McMahon's use of unreasonable and excessive force and his threatened use of further force.

24.     On information and belief, Defendant McMahon failed to give any warning to Mr. Foster before using deadly force, even though a warning would have been feasible and proper.

25.     At the time that Defendant McMahon shot Mr. Foster, Mr. Foster did not pose a significant and immediate threat of death or serious physical injury to Defendants or to anyone else, because he was attempting to run away from Defendant McMahon.  Defendant McMahon had no facts to believe that Mr. Foster was armed or had any intent to harm anyone.  Ronell Foster was unarmed.  No reasonable officer would have believed that anything Mr. Foster might have done justified the use of deadly force.  Further, Ronell Foster was not engaged in, or wanted for, any crime.  And, Mr. Foster's flight from Defendants was lawful due to Defendants' unlawful precipitating acts.  The use of deadly force, including Defendant McMahon's multiple Taser deployments, use of physical force, and gunshots described herein, were not justified or lawful under the circumstances.

26.     Alternatively, or concurrently, Defendant McMahon and DOES' own excessive and unreasonable actions created a risk of harm to Ronell Foster, created the situation in which Defendant McMahon decided to use deadly force, and under the totality of circumstances caused an escalation of events leading to the shooting death of Ronell Foster.

27.     Alternatively, or concurrently, Defendant McMahon and DOES were integral participants in the use of deadly force, including the gunshots described herein, against Mr.

Foster.  Further, each of these Defendant Officers failed to intervene to stop, prevent, or report the use of excessive and unreasonable force and tactics by other officers.

28.     Defendant Ofc. McMahon's and DOES' conduct herein, including but not limited to their decision(s) to stop and seize Ronell Foster, the manner in which they conducted that stop and seizure; Defendants' use of Tasers, physical force, and gun points at Mr. Foster; Defendant McMahon's use of deadly force; and their other conduct, was contrary to generally accepted reasonable police procedures and tactics, and caused the wrongful death of Ronell Foster.

29.     At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' and Decedent's rights, done with actual malice, grossly negligent, negligent, and objectively unreasonable.

## DAMAGES

30.     As a direct and proximate result of each Defendant's unreasonable and excessive force, Decedent and Plaintiffs suffered injury, loss of wages, emotional distress, fear, terror, anxiety, humiliation, and loss of sense of security, dignity, and pride as a United States Citizen.

31.     As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

      a.     Wrongful death of Ronell Foster (by Plaintiffs I.F. and R.F.);

      b.     Hospital and medical expenses (Survival claims by Plaintiffs I.F. and R.F.);

      c.     Coroner's fees, funeral and burial expenses (Survival claims by Plaintiffs I.F. and R.F.);

      d.     Loss of familial relationships, including loss of love, companionship, comfort, affection, society, services, solace, and moral support (wrongful death by Plaintiffs I.F. and R.F. and loss of familial association by all Plaintiffs);

e.      Pain and Suffering, including emotional distress (by all Plaintiffs, based on individual § 1983 claim for loss of familial association);

f.      Ronell Foster's loss of life, pursuant to federal civil rights law (Survival claims by Plaintiffs I.F. and R.F.); and

g.      Ronell Foster's conscious pain and suffering, pursuant to federal civil rights law (Survival claims);

h.      Violation of constitutional rights;

i.      All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988; California Civil Code §§ 52, 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

32.     The conduct of Defendants McMahon and Does was malicious, wanton, oppressive, and in reckless disregard of the rights and safety of Ronell Foster, Plaintiffs, and the public.  Plaintiffs are therefore entitled to an award of punitive damages against Defendants McMahon and Does.


**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Unlawful Detention and Arrest under 42 U.S.C. Section 1983)**
*(Plaintiffs I.F. and R.F. against Defendants McMahon and DOES 1-25)*

33.     Plaintiffs re-allege and incorporate by reference each and every paragraph in this Complaint as if fully set forth here.

34.     At the time Defendant Officers McMahon and Does seized Decedent, they did not have probable cause to make an arrest and/or detain Mr. Foster. Officer McMahon simply chased, cornered, used excessive force, and shot Mr. Foster without a lawful basis, which violated Decedent's right to be secure in his person against unreasonable searches and seizures as guaranteed to Decedent under the Fourth Amendment to the United States Constitution.

35.     Defendants subjected Decedent to their wrongful conduct, depriving Plaintiffs and Decedent of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of

Ronell Foster, Deceased) and others would be violated by their acts and/or omissions.

36.     As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff sustained injuries and damages as set forth at ¶¶ 30-32 above.

37.     The conduct of Defendant McMahon and DOES 1-25 entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and Cal. Code of Civil Procedure § 377.20 et seq.  Plaintiffs do not seek punitive damages against Defendant City of Vallejo.

38.     Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and applicable California codes and laws.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(Plaintiffs I.F. and R.F. against Defendants McMahon and DOES 1-25)*

39.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

40.     When Defendant McMahon shot Decedent Foster, Mr. Foster had presented no immediate and serious threat or harm to Officer McMahon, which violated his training, generally accepted law enforcement standards, and Decedent's constitutional rights under the Fourth Amendment.

41.      As a direct and proximate result of Defendants McMahon and Does 1-25 conduct as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in ¶¶ 30-32, above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
**Violation of Plaintiffs' 14th Amendment Rights/Right to Familial Relationship**
*(All Plaintiffs against Defendants McMahon and DOES 1-25)*

42.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

43.     Defendants' unlawful and provocative tactics and collective uses of force were

totally unnecessary and unreasonable under the circumstances, caused the use of unnecessary and excessive deadly force, were conscience shocking, and done without a legitimate law enforcement purpose, all in violation of right to be free from wrongful government interference with familial relationships, and Plaintiff's and Decedent's right to companionship, society and support of each other, as secured by the First and Fourteenth Amendments.

44.     As a direct and proximate result of Defendants McMahon and Does 1-25 conduct as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in ¶¶ 30-32, above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(All Plaintiffs against Defendant CITY OF VALLEJO and DOES 26-50)*

45.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

46.     Plaintiffs are informed and believe and thereon allege that high ranking CITY OF VALLEJO officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Defendant Officer McMahon beat, shot and killed an unarmed man, who did not present a threat to the officers. Officials should have known about acts of misconduct by their officers given that this incident of excessive force and misconduct is yet one more in a collection and string of excessive force incidents committed by CITY OF VALLEJO POLICE Officers. For example:

a.  A Vallejo Police Officer shot and killed unarmed 21-year-old Angel Ramos at his home in January 2017. (Case No.: 2:17-cv-01619)

b.  On March 17, 2017, a bystander video recorded multiple Vallejo Police Officers beating DeJuan Hall, an unarmed man, on the ground, and when onlookers protested

his excessive force an officer pointed his pistol at them.[1]

c. On July 30, 2017, multiple Vallejo Police Officers brutally beat Carl Edwards, an unarmed man who had made no threatening movements, in front of his workshop, in broad daylight.

d. In 2012, a Vallejo Police officer shot Anton Barrett when he was simply reaching for his wallet. [2]

47.     Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. The Vallejo Police Officer McMahon chased down for Decedent Ronell Foster tasing and shooting him for the petty reason that Decedent was allegedly recklessly riding his bicycle and held a flashlight.  As a result, Defendant McMahon fired several bullets into Mr. Foster's back and the back of his head.

48.     Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Decedent's and Plaintiffs' rights as alleged herein.

49.     As against Defendant CITY OF VALLEJO, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF VALLEJO, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of CITY OF VALLEJO POLICE'S DEPARTMENT

---

[1] "Video of Vallejo officer raises questions about excessive force." (http://www.ktvu.com/news/ktvu-local-news/controversial-video-of-vallejo-officer-arresting-man-raises-questions-of-excessive-force)

[2] "Vallejo man, 42, fatally shot by police, another arrested following pursuit"

(https://www.mercurynews.com/2012/05/28/vallejo-man-42-fatally-shot-by-police-another-arrested-following-pursuit/)

tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

50.    The unconstitutional actions and/or omissions of Defendants McMahon and Does 1-25, as well as other officers employed by or acting on behalf of Defendant City of Vallejo, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the VPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for City of Vallejo and the VPD:

    a.    To use or tolerate the use of unlawful deadly force including permitting and affirmatively training officers (i) to use deadly force when faced with less than an immediate threat of death or serious bodily injury; (ii) to use deadly force prematurely, or as a "first resort," or when facing a mere potential threat; and (iii) to use deadly force without giving a proper warning when one would be feasible;

    b.    To cover-up violations of constitutional rights by any or all of the following:

        i.    by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, officer-involved shootings, law enforcement related deaths, and unlawful seizures;

        ii.    by failing to promptly, independently, thoroughly, and properly investigate and address officer involved shootings and other law enforcement related deaths;

        iii.    by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

        iv.    by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

c.   To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

d.   To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

e.   To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

51.   Defendants City of Vallejo and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants McMahon, and DOES 1-25, and other VPD personnel, with deliberate indifference to Plaintiffs' and Decedent's constitutional rights, which were thereby violated as described above.

52.   The unconstitutional actions and/or omissions of Defendants McMahon, and DOES 1-25, and other VPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the VPD.  Plaintiff is informed and believe, and thereupon alleges, the details of this incident have been revealed to the authorized policy makers within City of Vallejo and the VPD, and that such policy makers have direct knowledge of the fact that the Ronell Foster shooting was not justified, but rather represented an unconstitutional use of unreasonable, excessive and deadly force.  Notwithstanding this knowledge, the authorized policy makers within City of Vallejo and the VPD have approved Defendant McMahon's shooting of Ronell Foster, and have made a deliberate choice to endorse Defendant McMahon's shooting of Ronell Foster and the basis for that shooting.  By

so doing, the authorized policy makers within the City of Vallejo and the VPD have shown

affirmative agreement with the actions of Defendant McMahon and Does 1-25, and have

ratified the unconstitutional acts of Defendant McMahon and Does 1-25.

53.     The aforementioned customs, policies, practices, and procedures, the failures to

properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline,

as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct

of Defendants City of Vallejo and Does 26-50, were a moving force and/or a proximate cause of

the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in

violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

54.     Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs and

decedent of rights described herein, knowingly, maliciously, and with conscious and reckless

disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts

and/or omissions.

55.     As a direct and proximate result of the unconstitutional actions, omissions,

customs, policies, practices and procedures of Defendants City of Vallejo and Does 26-50 as

described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages,

penalties, costs and attorneys' fees as set forth in ¶¶ 30-32 above.

**FIFTH CAUSE OF ACTION**
**(Violation of the Bane Act (Cal. Civ. Code § 52.1))**
*(Plaintiffs I.F. and R.F. against all Defendants)*

56.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this

Complaint as if fully set forth here.

57.     All Plaintiffs brings this "Bane Act" claim individually for direct violation of their

own rights (familial association claim based on Defendants' intentional shooting of their

father/son without a legitimate law enforcement purpose in a manner that shocks the conscience), and Plaintiffs I.F. and R.F. bring this Bane Act claim as a survival claim pursuant to California Code of Civil Procedure § 377.20 *et seq.* for violation of Ronell Foster's rights.

58.     By their conduct described herein, Defendants McMahon and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiffs' and Decedent's rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a.  Ronell Foster's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

    b.  Ronell Foster's right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

    c.  Ronell Foster's right to be free from the unreasonable use of deadly force as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution; and

    d.  All Plaintiffs' right to be free from wrongful government interference with familial relationships, and Plaintiffs' and Decedent's right to companionship and society with each other, as secured by the First and Fourteenth Amendments to the United States Constitution.

59.     Unlawful deadly force which violates the Fourth Amendment violates the Bane Act.[3]  Defendants' use of unlawful deadly force against RONELL FOSTER, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

60.     Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.[4]  All

---

[3] *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. May 19, 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013)).

of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiffs' and Decedent's rights; none was accidental or merely negligent.

61.     Alternatively, Defendants violated Plaintiffs' and Decedent's rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

a. Threatening Ronell Foster in the absence of any threat presented by Ronell Foster, or any justification whatsoever;

b. Using deliberately reckless and provocative tactics to apprehend Ronell Foster in violation of generally accepted law enforcement training and standards, and in violation of Ronell Foster's rights;

c. Defendants repeatedly Tasing and using physical force against Ronell Foster in the absence of any threat or need for such force;

d. Defendant McMahon pointing his gun at Ronell Foster in the absence of any threat or justification whatsoever;

e. Threatening violence against Ronell Foster, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

f. Using excessive, unreasonable and unjustified force against Ronell Foster by firing gunshots at him, with specific intent to kill, in the absence of any immediate threat;

g. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

h. Violating multiple rights of Decedent and Plaintiffs;

i. Violating all Plaintiffs' rights to familial association by their use of conscience-shocking excessive force and provocative tactics without any legitimate law enforcement purpose.

62.     Defendant City of Vallejo is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

---

[4] *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766, 801-02 (2017) (*review denied*).

63.     As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiff's and Decedent's rights under the United States and California Constitutions, Plaintiffs (individually and/or as Successors in Interest) sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above at ¶¶ 30-32 including punitive damages against Defendants McMahon and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys' fees, treble damages, and civil penalties.

### SIXTH CAUSE OF ACTION
**(Assault and Battery – Violation of CALIFORNIA PENAL CODE § 242)**
*(Plaintiffs I.F. and R.F. against Defendants McMahon and DOES 1-25)*

64.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

65.     Defendant McMahon, while working as a police officer for the CITY OF VALLEJO, and acting within the course and scope of their duties, intentionally struck, grabbed, tased, shot and killed Decedent without a lawful basis.

66.     As a result of the actions of the Defendant, Decedent suffered physical injuries. The Defendant Officer did not have legal justification for using force against Decedent, and Defendant's use of force while carrying out their police officer duties was an unreasonable use of force.

67.     As a direct and proximate result of Defendants' assault and battery of Ronell Foster, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at ¶¶ 30-32.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
**(Negligence)**
*(Plaintiffs I.F. and R.F. against Defendants McMahon and DOES 1-25)*

68.     Plaintiffs hereby re-allege and incorporate each and every paragraph in this Complaint as if fully set forth here.

69.     At all times, Defendants McMahon and Does 1-50 owed Plaintiffs and Decedent the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

70.     At all times, Defendants McMahon and Does 1-50 owed Plaintiffs and Decedent the duty to act with reasonable care.

71.     These general duties of reasonable care and due care owed to Plaintiffs by Defendants include but are not limited to the following specific obligations:

      a.     to refrain from using excessive and/or unreasonable force against Ronell Foster;

      b.     to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

      c.     to refrain from abusing their authority granted them by law;

      d.     to refrain from violating Plaintiffs' and Decedent's rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

72.     Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs and Decedent.

73.     Defendant City of Vallejo is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

74.     As a direct and proximate result of Defendants' negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above at ¶¶ 30-32.

## **JURY DEMAND**

75.     Plaintiffs hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, Plaintiffs pray for relief,against each and every Defendant, jointly and severally, as follows:

1.      For general damages in a sum to be proven at trial;

2.      For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3.      For punitive damages against Defendant McMahon and DOES 1-50 in a sum according to proof;

4.      Declaratory and injunctive relief, including but not limited to the following:

       i.   An order requiring Defendants to institute and enforce appropriate and lawful policies and procedures for disclosing body camera footage from their officers to the community and family within 30 days after a police shooting in order to encourage transparency and trust;

      ii.   an order prohibiting Defendants CITY OF VALLEJO from engaging in the unconstitutional customs, policies, practices, procedures, training and supervision as may be determined and/or adjudged by this case;

     iii.   an order requiring Defendant CITY OF VALLEJO to institute and enforce appropriate and lawful policies and procedures for the use of deadly force;

     iv.   an order prohibiting Defendants and their police officers from engaging in the "code of silence" as may be supported by the evidence in this case;

     v.   an order requiring Defendant CITY OF VALLEJO to train all law enforcement officers concerning generally accepted and proper tactics and procedures and this Court's orders concerning the issues raised in injunctive relief requests ii-v, above;

5.      All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Code of Civ. Proc. §§ 377.20 et seq., 377.60 et

seq., 1021.5, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law;

6.     For cost of suit herein incurred; and

7.     For such other and further relief as the Court deems just and proper.

Dated:  May 29, 2018                    **Law Offices of John L. Burris**

                                        ___/s/  *Patrick Buelna*
                                        Patrick Buelna
                                        Attorney for Plaintiffs R.F.,
                                        through his guardian ad litem
                                        SHENA BATTEN,
                                        PAULA MCGOWAN,
                                        and RONELL FOSTER, SR.

Dated:  May 29, 2018                    **Haddad & Sherwin, LLP**

                                        ___/s/  *Michael J. Haddad*
                                        Michael J. Haddad
                                        Attorney for Plaintiff I.F.,
                                        through her Next Friend,
                                        SHASTA SKINNER