UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.F. et al., | No. 2:18-cv-00673-JAM-CKD |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

I. <u>INTRODUCTION</u>

Presently pending before the court is plaintiff I.F.'s motion to compel discovery production. (ECF No. 27.) This matter came on regularly for hearing on July 10, 2019. The parties filed a joint statement regarding the discovery dispute on July 3, 2019. (ECF No. 28.) Maya Sorensen appeared on behalf of plaintiff I.F. and Timothy Smyth appeared on behalf of defendants. Plaintiff R.F. was not represented at the hearing, but Ms. Sorensen indicated that plaintiff R.F. joins in the motion to compel.

At the hearing, Lieutenant Steve Cheatham was present with a complete copy of Officer Ryan McMahon's personnel file from the City of Vallejo Police Department, which the court reviewed <u>in camera</u>. After reviewing the file, carefully considering the parties' joint statement and the applicable law, and good cause appearing therefor, the court FINDS AS FOLLOWS.

1

II.     RELEVANT BACKGROUND

Plaintiffs bring this 1983 survivor action against the City of Vallejo and Officer McMahon, relating to the use of lethal force against Ronell Foster, which occurred on February 13, 2018. (See generally ECF No. 8.) Plaintiffs bring claims for violations of the Fourth and Fourteenth Amendment, as well as a Monell claim, and several pendant state law claims. (Id.)

On August 8, 2018, plaintiff I.F. served her Request for Production of Documents and Things (Set One) ("RFP1"), which included a request for Officer McMahon's personnel file, including hiring, performance evaluations, background investigations, and his mental and physical condition at the time of the incident. (ECF No 28 at 2, 4.) Defendants produced some responsive information but withheld other information, raising various objections including relevance and asserting the official information privilege. (See ECF No. 28-1.) The parties met and conferred regarding the disputed information on May 30, 2019 and on June 18, 2019. (ECF No. 18 at 2.) The pending motion to compel ensued. (ECF No. 27.)

Plaintiffs seek to compel production of "information regarding Defendant McMahon contained in RFP1 Request Nos. 6 (Defendants hiring and background investigations), 8 (Defendants' job performance evaluations and supervision [from seven years prior to the incident to the present]), and 10 (Defendants' physical and mental condition during the incident)." (ECF No. 28 at 5.) The parties dispute whether the information sought is relevant and, if it is relevant, whether it is subject to the official document privilege. (See generally, ECF No. 28.)

III.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

////

A. <u>Relevance</u>

Before determining whether the information plaintiffs seek is privileged, the court must first determine if it is relevant.

> Although in general the party seeking to compel discovery bears the burden of showing that his request satisfies the relevance requirement of Rule 26, the court in <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 667-68 (N.D.Cal.1987), concluded that in the context of civil rights excessive force cases against police departments, plaintiffs may suffer great difficulties if courts impose demanding relevancy standards on them. Because it is unlikely that such a plaintiff would know the contents of confidential police files, the court suggests that it should be "sufficient for a plaintiff to show how information of the kind that is likely to be in the files could lead to admissible evidence." <u>Id.</u> at 667-68.

<u>Soto v. City of Concord</u>, 162 F.R.D. 603, 610 (N.D. Cal. 1995).

B. <u>Official Information Privilege</u>

A disclosing party may seek to withhold relevant discovery if such information is privileged. "The scope of an evidentiary privilege in a 42 U.S.C. [§] 1983 civil rights action is a question of federal law. State law may provide a useful referent, but it is not controlling." <u>Breed v. U.S. Dist. Court for N. Dist. of California</u>, 542 F.2d 1114, 1115 (9th Cir. 1976); see also <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 655 (N.D. Cal. 1987) ("in a civil rights case brought under federal statutes questions of privilege are resolved by federal law").

Under federal common law, there is a privilege for official information. See <u>Kerr v. U.S. Dist. Ct. for the Northern Dist.</u>, 511 F.2d 192, 198 (9th Cir.1975).

> In determining what level of protection should be afforded by this privilege, courts conduct a case by case balancing analysis, in which the interests of the party seeking discovery are weighed against the interests of the governmental entity asserting the privilege. In the context of civil rights suits against police departments, this balancing approach should be "moderately pre-weighted in favor of disclosure."

<u>Soto</u>, 162 F.R.D. at 613 (internal citations omitted).

A party raising this objection must first make a substantial threshold showing, in the form of "a declaration or affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit." <u>Id.</u> A so-called <u>Kelly</u> affidavit must include:

> (1) an affirmation that the agency generated or collected the material

3

> in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made.

Soto, 162 F.R.D. at 613 (citing Kelly 114 F.R.D. at 670). If a party has submitted a sufficient Kelly affidavit, then the court will review the disputed information in camera and balance the parties' interests. Id.

IV. DISCUSSION

    A. Relevance

According to defendants, they "have already produced all relevant, responsive documents in [their] possession under protective order related to any disciplinary action, internal affairs investigations, confidential citizen complaints, training records and commendations in [their] possession and control." (ECF No. 28 at 12.) Defendants assert that they have only objected "to the Requests for personnel records which seek production of more sensitive background investigation and hiring documents." (ECF No. 28 at 12.) The California law requires that police officers be subjected to rigorous background screening which consists of the following:

- Background Narrative Report (CR 1953(g));
- Personal History Statement (CR 1953(c));
- DOJ/FBI Fingerprint Returns and Firearms Clearance (CR 1953(e)(3));
- Driving Record Check (CR 1953(e)(4));
- Local Law Enforcement Agency Record Checks (CR 1953(e)(3));
- Credit Records Check (CR 1953(e)(11));
- Education Verification (CR 1953(e)(5));
- Citizenship/Age Verification (CR 1953(e)(1 and 2));
- Military History Check (CR 1953(e)(10));
- Dissolution of Marriage Check (CR 1953(e)(8));
- Employment History Checks (CR 1953(e)(6));
- Relatives/Personal References Checks (CR 1953(e)(7));
- Neighborhood Checks (CR 1953(e)(9)); and
- Medical/Psychological Clearances (CR 1954(e) and 1955(f)).

(ECF No. 28 at 13.)

////

The withheld files include this pre-hiring information collected pursuant to California law. Defendants persuasively argue that this information is not relevant because "[p]laintiffs . . . do not allege inadequate screening as a basis of Monell liability in their First Amended Complaint." (ECF No. 28 at 15.)

The only mention of hiring in the First Amended Complaint is found in the section entitled "Parties," where plaintiffs state "one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants." (ECF No. 8 at 5.) This does not state a claim of inadequate screening or negligent hiring, but is merely an uncontroversial assertion of fact—someone was responsible for hiring Officer McMahon.

However, plaintiffs claims that their oblique reference to Officer McMahon's hiring sufficiently raised inadequate screening as a basis of their Monell claim. (ECF No. 28 at 8.) In support of this proposition, plaintiffs rely on T.D.P. v. City of Oakland, where the court ordered the production of the defendant officers' hiring file because "[i]n a Monell claim, the plaintiff alleges that the municipal defendants 'failed to properly hire' the defendant officers." No. 16-CV-04132-LB, 2017 WL 3026925, at *3 (N.D. Cal. July 17, 2017). Contrary to plaintiffs' argument, the court in T.D.P. was not suggesting that *any* Monell claim alleges failure to properly hire. Rather, the court was citing to specific language in the complaint in that case. See Id., n.17 (citing to "Compl.—ECF No. 1 at 10–11 (¶ 39)").

Here, there is no mention of improper screening or negligent hiring under plaintiffs' Monell claim. Instead, the First Amended Complaint clearly alleges, "Defendants City of Vallejo and Does 26-50 **failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline** Defendants McMahon, and DOES 1-25, and other VPD personnel, with deliberate indifference to Plaintiffs' and Decedent's constitutional rights, which were thereby violated as described above." (ECF No. 8 at 14 (emphasis added).) Additionally, none of plaintiffs' state law claims implicate improper screening or negligent hiring.

Therefore, relevance of the withheld information cannot be established in relation to failure to screen or negligent hiring because plaintiffs have not stated such a claim. Nonetheless,

5

plaintiffs raise other various grounds for relevance.

Based on the joint statement alone, however, the court was unable to ascertain whether the withheld information was relevant under any of the alternative theories proposed by plaintiffs. This is due, in large part, to the lack of clarity from defendants as to what was being withheld. Indeed, while defendants referred to the Officer McMahon's hiring file, it was unclear if other post-hiring personnel documents were being withheld.

As a result, the court reviewed the withheld information in camera. After the review, the court concludes that the majority of the documents are not relevant to the matter at hand, even under the liberal standard for excessive force cases, because such documents are not likely to lead to admissible evidence under the claims in the First Amended Complaint. See Soto, 162 F.R.D. at 610 (N.D. Cal. 1995). However, three of the withheld documents are relevant to plaintiffs' claims—the Field Training Manual; the SB 719 Pursuit Policy Training Attestation; and the Internal Investigation from 2019.

B. Official Information Privilege

The parties also dispute whether or not defendants submitted a sufficient Kelly affidavit necessary to trigger a consideration of the official document privilege. (See EFC No. 28 at 8-18.) This is a moot issue because the court was required to review the documents in camera to determine their relevancy.

Moreover, even assuming that defendants' Kelly affidavit was sufficient, plaintiffs' interest in disclosure of the relevant information outweighs the defendants' governmental or privacy interests. The identified relevant information pertains to the training of Officer McMahon and an internal investigation of conduct by Officer McMahon, all of which may lead to the discovery of admissible information in this case. Indeed, there is no indication that the disclosure of this information will harm the governmental or privacy interests of defendants because (1) there is a protective order in place in this matter and (2) defendants have already disclosed other information related to the training and internal investigations of Officer McMahon. See Soto, 162 F.R.D. at 613; Kelly 114 F.R.D. at 670.

////

6

V. <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to compel discovery production (ECF No. 27) is GRANTED IN PART AND DENIED IN PART on the terms of this order.
2. Within seven (7) days of this order, defendants shall produce the following documents in Officer Ryan McMahon's personnel file, in accordance with the protective order (ECF No. 21): the Field Training Manual; the SB 719 Pursuit Policy Training Attestation; and the Internal Investigation from 2019.

Dated: July 12, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/I.F.673.order mtc