UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| I.F, et al., | N.D. Cal. Case No. 20-mc-80075-LB |
| Plaintiffs, | E.D. Cal. Case No. 2:18-cv-00673-JAM |
| v. | **ORDER APPROVING MINOR'S SETTLEMENT** |
| CITY OF VALLEJO, et al., | Re: ECF No. 8 |
| Defendants. | |

## INTRODUCTION

This is a civil-rights and wrongful-death case arising from the death of plaintiff I.F.'s father, Ronell Foster, who was shot and killed by a Vallejo police officer in February 2018.[1] Plaintiff I.F., by and through her mother, settled I.F.'s claims following a day-long settlement conference with the undersigned.[2] After the settlement, the parties consented to the undersigned's exercise of jurisdiction for all purposes concerning the settlement.[3] Counsel for I.F. filed an unopposed

---

[1] *I.F. v. City of Vallejo*, 2:18-cv-00673-JAM-CKD (E.D. Cal.), First Am. Compl. – ECF No. 8. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. to Approve Minor's Compromise – ECF No. 8 at 2. The motion to approve minor's compromise is for plaintiff I.F. only. *Id*.

[3] McMahon Consent – ECF No. 12; *I.F. v. City of Vallejo*, 2:18-cv-00673-JAM (E.D. Cal.), Stipulation and Order – ECF No. 65.

ORDER – N.D. Cal. Case No. 20-mc-80075-LB, E.D. Cal. Case No. 2:18-cv-00673-JAM

motion to approve a minor's compromise.[4] The court can decide the motion without oral argument, *see* N.D. Cal. Civ. L.R. 7-1(b), and grants the motion.

## ANALYSIS

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." *Id.* (cleaned up). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

The settlement terms are as follows. The settlement amount is $5,700,000, allocated as follows: (1) $427,500 for plaintiff Paula McGowan; (2) $427,500 for plaintiff Ronell Foster Sr.; (3) $2,422,500 for plaintiff I.F.; and (4) $2,422,500 for plaintiff R.F.[5] IF's potion of the settlement includes a structured settlement annuity with a present value of $1,779,647.56.[6] The payments are made on account of personal injury or sickness under § 104(a)(2) of the Internal Revenue Code

---

[4] Mot. to Approve Minor's Compromise – ECF No. 8 at 2.

[5] *Id*. at 5.

[6] *Id*.

and accordingly are tax exempt.[7] The annuity provides a combination of annual and periodic payments to I.F., as follows:

> $25,000 on her 18th birthday, which I.F. could use to buy a car;
>
> $1,712.13 per month for life beginning at age 18, increasing by two percent annually and guaranteed for 40 years to her beneficiary (until May 12, 2070) in the event of her premature death;
>
> $40,000 twice a year for four years beginning the summer after she turns 18, which she could use to pay for college;
>
> $50,000 twice a year for two years beginning the summer she graduates from college, which she could use to pay for graduate school;
>
> $10,000 once a year for seven years beginning when she turns 18, which she could use for travel or investment;
>
> $1,500 per year for life beginning at age 19, increasing by two percent annually, and guaranteed for 40 years to her beneficiary (until June 12, 2070) in the event of her premature death;
>
> $50,000 on her 22nd birthday;
>
> $100,000 on her 25th birthday;
>
> $150,000 on her 28th birthday; and
>
> $325,000 on her 30th birthday.[8]

The total tax-free guaranteed benefits are $2,571,595.54, and the total tax-free expected benefits for life are $3,895,421.04.[9]

The co-plaintiffs will split the cost of the fees for experts Omalu and Ryan, reducing the fees to $37,227.44, and I.F.'s attorneys reduced their civil-rights attorney's fees to $605,625, which is 25 percent of the settlement.[10] I.F.'s counsel also waives reimbursement of the trial consultant's fees and asks the court to direct counsel to reimburse $43.68 to I.F.'s mother, who was accidentally charged for this amount for lunch (which counsel did not intend for her to pay).[11]

---

[7] Proposed Order – ECF No. 11 at 2.

[8] Sherwin Decl. – ECF No. 9 at 4–5 (¶ 13); Structured Settlement Option, Ex. A to Sherwin Decl. – ECF No. 9 at 11–12.

[9] Structured Settlement Option, Ex. A to Sherwin Decl. – ECF No. 9 at 12.

[10] Mot. to Approve Minor's Compromise – ECF No. 8 at 6–7; Sherwin Decl. – ECF No. 9 at 5 (¶¶ 17–18).

[11] Mot. to Approve Minor's Compromise – ECF No. 9 at 6–7.

This settlement provides for a substantial monetary benefit to I.F., throughout her life, for her education, housing expenses, and other financial needs. In light of the benefit that the minor child has received in the litigation, and for the reasons advanced in the motion for approval, the court finds that the settlement is reasonable, and the attorney's fees and costs are reasonable and appropriate.

## CONCLUSION

The court approves the minor's compromise and orders that the settlement be implemented according to its terms (as described above). The parties must complete all necessary documents, and the defendant must fund the structured annuity by September 30, 2020. The defendants must send a check or wire transfer in the amount of $642,852.44 (the settlement proceeds that are not being structured) made payable to "Haddad & Sherwin LLP Client Trust Account f/b/o I.F." (using her real name) to arrive at the offices of Haddad & Sherwin LLP (or if wired, arrive in the client trust account) no later than 15 days from this court's order.

**IT IS SO ORDERED.**

Dated: September 14, 2020

_____
LAUREL BEELER
United States Magistrate Judge