UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.F., et al., | No. 2:18–cv–0673–JAM–CKD |
| Plaintiffs, | ORDER |
| v. | (ECF No. 78) |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

Pending before the court is defendants' request to seal all moving papers, supporting declarations, exhibits, and attachments filed regarding defendants' motion for sanctions against plaintiffs' counsel Pointer & Buelna, LLP. Defendants also request that any opposition or reply papers filed regarding the motion for sanctions also be filed under seal. Defendants' motion for sanctions is currently set for hearing before the undersigned on January 27, 2021.

Defendants' memorandum in support of the request to seal, as well as the motion for sanctions and supporting papers, have been submitted electronically to the undersigned's proposed orders email address. Plaintiffs also electronically submitted their opposition to the motion to seal, supporting papers, and a supplemental opposition brief to the proposed orders email address.

Two standards govern whether court records should be sealed: (1) a "compelling reasons" standard applies if the underlying motion is dispositive, meaning that it is "more than tangentially

1

related to the merits of a case," Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016), and (2) a "good cause" standard applies to all other motions, often encompassing discovery-related motions, including sanctions motions, id. at 1097. The second, relatively less stringent, standard stems from Federal Rule of Civil Procedure 26(c), which requires a showing of "good cause" before the court may issue a protective order—such as sealing records—to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Courts determine whether good cause exists to protect the information from public disclosure by "balancing the needs for discovery against the need for confidentiality." Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. 2010) (quoting Phillips ex re. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)). "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not satisfy the good cause standard. Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992).

In opposing the request to seal, plaintiffs argue that defendants have failed to show good cause for sealing the entirety of the sanctions motion filings. The court agrees. Defendants have not met their burden of demonstrating good cause for sealing all the moving and opposition papers, exhibits, etc., submitted regarding the motion for sanctions. The only argument defendants put forth in support of sealing is that the sanctions motion involves an alleged violation of the blanket protective order in this case and thus "necessarily identifies and describes private information that is currently designated as confidential."

Equally problematically, defendants' request to seal does not specifically address each document, exhibit, etc., sought to be sealed. See E.D. Cal. R. 141(b) (requiring party seeking to seal a court filing to "describe generally the documents sought to be sealed, the basis for sealing" and "set forth the statutory or other authority for sealing"); Trotsky v. Travelers Indemnity Company, 2013 WL 12116152 at *4 (W.D. Wash. 2013) ("Broad statements of harm will not suffice, and there must be specific facts and examples supporting the asserted harm for each

2

1  document that the moving party wants to protect.") (emphasis added) (citing Foltz, 331 F.3d
2  at 1130-31).  Defendants' request to seal does not describe or put forth a particularized basis for
3  sealing each of the documents and exhibits filed with their motion for sanctions.  And, given the
4  requirement that courts scrutinize the contents of each document sought to be sealed, the court
5  certainly cannot outright approve defendants' request to preemptively seal the opposition and
6  reply papers that have not even been filed yet.  See Bangert v. Cty. of Placer, 2019 WL 358518,
7  at *14 (E.D. Cal. Jan. 29, 2019) (denying request to seal "papers that had not yet been filed").

8       Nevertheless, defendants' motion to seal is provisionally granted because it appears there
9  may be good cause to seal at least portions of certain materials submitted for the sanctions
10 motion.  Pursuant to the schedule set below, defendants are ordered to file further briefing in
11 support of the request to seal.  After the opposition and reply briefing on the motion for sanctions
12 have been filed, defendants shall file further briefing in support of their request to seal the
13 sanctions motion filings.  Defendants are encouraged to tailor their request to seal to the specific
14 documents, exhibits, and portions of the briefing that reveal the information they maintain is
15 entitled to protection from public view.  Defendants shall address why good cause exists with
16 respect to sealing each specific document, exhibit, etc. identified in the further briefing—
17 including those documents submitted by plaintiffs in support of their opposition to sanctions, and
18 documents defendants might submit in reply.[1]  Plaintiffs will have an opportunity to respond, and
19 the undersigned will then address the request to seal concurrently with the motion for sanctions
20 on the new hearing date of February 10, 2021.

21      Accordingly, IT IS HEREBY ORDERED that:

22 1. Defendants' request to seal (ECF No. 78) is provisionally granted; all briefing,
23    declarations, exhibits, materials, documents, etc., regarding defendants' motion for
24    sanctions shall be presently filed under seal;
25 2. On the court's own motion, the January 27, 2021 hearing on defendants' motion for
26    sanctions is CONTINUED to February 10, 2021 when it will be heard in combination

---

[1] Defendants are also invited to address in their further briefing the arguments raised in plaintiffs' December 30, 2020 supplemental brief in opposition to the request to seal.

with arguments on defendants' request to seal; and

3. The parties shall proceed under the following briefing schedule:

    a. Plaintiffs' opposition to defendants' motion for sanctions remains due on or before January 13, 2021;

    b. Defendants' optional reply is due on or before January 20, 2021;

    c. Defendants' further briefing in support of their request to seal is also due on or before January 20, 2021; and

    d. Plaintiffs may file a reply to this further briefing regarding the request to seal on or before February 3, 2021.

Dated: January 11, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.0673.if

4