**ADANTÉ D. POINTER, ESQ., SBN 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
Wells Fargo Center
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiffs



**FILED**

Jan 14, 2021

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA



# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| I.F., et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>        Defendants. | CASE NO.:  2:18-cv-00673-JAM-CKD<br><br>**OPPOSITION TO DEFENDANTS' REQUEST TO SEAL AND TO STRIKE DEFENDANTS' MOTION FOR SANCTIONS AND CIVIL CONTEMPT** |

**OPPOSITION TO DEFENDANTS' TO REQUEST TO SEAL**

Defendants have made an extraordinary request to seal their *entire* Motion for Sanctions and Civil Contempt as well as the attendant declarations of Attorney Derick Konz and Defendant Police Officer Ryan McMahon along with all of the attached exhibits. Simply put, these documents do not merit the Court conferring the blanket secrecy and to withhold this matter of utmost public import from public view and scrutiny wherein Defendants are attempting to sanction and silence civil rights attorneys in a case of police corruption and abuse.

1. **The Information Sought to Be Sealed Is Inherently Public**

   a. **Defendants Failed to Allege Any Specific Harm**

As this court is undoubtedly keenly aware, the Eastern District Local Rules require a party seeking to seal a court filing "describe generally the documents sought to be sealed, the basis for sealing" and "set forth the statutory or other authority for sealing." (E.D. Local Rule 141 (b)). Nevertheless, Defendants cite and rely upon case law which necessarily should result in the outright denial of their requests to seal.

The Defendants should have looked to and relied upon *Harmon v. Santa Clara* case for guidance. In *Harmon,* the court determined when it is appropriate for documents disclosed under a protective order in a civil rights case against police departments where the documents are attached to a *non*-dispositive motion to enjoy the privilege of confidentiality.

To determine whether good cause exists to a seal a document, the Court must first determine whether disclosing the information to the public will result in "particularized harm." *Harmon v. Santa Clara*, 323 F.R.D. 617, at 623 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Even when the documents are attached to a non-dispositive motion,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

1

the defendants must "allege specific prejudice or harm," and cannot meet their burden with "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." Id. (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks omitted).

Here, Defendants filed their request and *failed* to offer or identify any *specific* prejudice or harm that would befall them. Instead Defendants broadly alleged that "Defendants request the motion and all related documents be sealed permanently because they identify and describe private information that has been designated confidential under the stipulated protective order." (Def. Req. Seal, p. 1). Importantly, the parties' initial designation of confidentiality is solely to establish *coverage* under the stipulated protective order and does not mandate that the information should be sealed from the public docket. *See Economus v. CCSF,* 2019 WL 1483804 at *9 (N.D. 2019); *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered confidential'") (quoting *Bain v. AstraZeneca LP*, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)).

The Court should deny Defendants' request to seal their entire Motion because they failed to even meet the threshold requirements to establish their Motion merits being sealed as they did not identify the specific prejudice or harm that would result from allowing the public to access information it already has.

**b.  The Relevant Factors Weigh In Favor of Disclosing the Information**

Should the Court somehow conclude that disclosing Defendant McMahon's video deposition will cause particularized harm despite the Defendants not offering up any specific reason, the Court must nevertheless, balance "the public and private interests" to determine whether maintaining the

confidentiality designation is necessary. Id. (quoting Phillips, 307 F.3d at 1211); see *Shelley v. Cty. of San Joaquin*, No. 2:13-cv-0266-MCE DAD, 2015 WL 2082370, at *2 (E.D. Cal. May 4, 2015). The Ninth Circuit has directed district courts to consider the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995); *in re Roman Catholic Archbishop of Portland*, 661 F.3d at 424 (citing Phillips, 307 F.3d at 1211).

Those factors are:

(1) *whether disclosure will violate any privacy interests*;

There is nothing inherently private and hence little to no privacy interests in the etching of a vigilante motto onto the back of a police department issued gun. Typically, privacy interests come into play where an officer's undercover job "demands anonymity". *Harmon v. Santa Clara*, 323 F.R.D. 617, 624 (N.D. 2018) (even in *Harmon,* the court ultimately ruled the public interest outweighed the officer's need for anonymity as an undercover agent). Here, unlike Harmon, Defendant Ryan McMahon's name and image has already been publicized as a result of the news coverage surrounding his involvement in the death of Mr. Ronell Foster. Indeed, multiple media outlets identified him as the person who shot and killed Ronell Foster and who later participated in the shooting death of Mr. Willie McCoy, who was asleep in his in a Taco Bell drive-thru. In addition, his identity was disclosed when the Plaintiffs in this case sued him in his capacity as a public employee. Interestingly, Defendants made no objection to the frames of his video deposition being filed with the court and thereby made part of the permanent public record. Moreover, the City of Vallejo released video footage of the incident taken from Defendant McMahon's body worn camera to the public. (Doc. 57). Furthermore, Defendant McMahon is no longer a law enforcement agent.[1]

---

[1] "Vallejo Police Department Fires Officer Involved In Two Fatal Shootings"
https://sanfrancisco.cbslocal.com/2020/10/01/vallejo-police-fire-officer-ryan-mcmahon-two-fatal-shootings/

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

3

Perhaps most importantly, the etching on the gun itself reveals nothing private about Defendant McMahon other than he apparently wished to be a vigilante and kill criminals outside the scope of the justice system all while being paid with public funds.

(2) *whether the information is being sought for a legitimate purpose or for an improper purpose;*

Here, the information being sought is for the overwhelmingly legitimate purpose of holding public employees accountable when they unlawfully kill private citizens. Here, Defendant McMahon was a part of a broader conspiracy and malevolent gang of police officers nicknamed the "Fatal Fourteen." This group of officers endeavored to kill and then unabashedly celebrated their killings. Many of the slain victims were minority citizens.[2] Defendant McMahon's killing of African-America Ronell Foster, the subject of this case, and his etching of a vigilante motto onto the back of the gun following or before that kill bears upon his motive and the continued danger he presents to the community at large. Indeed, it was McMahon first kill and he reportedly bent his police badge to celebrate it and then followed it up with barbecue and beers with the other Fatal 14 officers. The Fatal 14 had formed a secretive clique that bent their badges to commemorate killing people, which an ex-Vallejo police captain recently exposed.[3] In line with this macabre mission, Defendant McMahon etched a vigilante motto onto the back of his department issued firearm because he had seen the motto in a movie about two Irish Catholic vigilantes murdering suspects they believed eluded law enforcement's reach.

---

[2] "How a Deadly Police Force Ruled a City"
https://www.newyorker.com/magazine/2020/11/23/how-a-deadly-police-force-ruled-a-city

[3] "Officers in Vallejo, California, bent badges to mark each fatal police killing, ex-captain says"
https://www.nbcnews.com/news/us-news/officers-vallejo-california-bent-badges-mark-each-fatal-police-killing-n1235374

*(2)  whether disclosure of the information will cause a party embarrassment;*

While it certainly should cause Defendant McMahon some measure of embarrassment that he was exposed for etching this motto onto the back of his department issued firearm, it is an obviously minor detail compared to the facts that he: 1) shot and killed an unarmed African American father in the back seven times, 2) he celebrated killing Mr. Foster, 3) joined a police gang 4) then shot and killed Willie McCoy just a year after killing Mr. Foster and 5) is now a named Defendant in yet another federal civil rights lawsuit arising out the death of Mr. McCoy for which a special prosecutor has been appointed to investigate. (McCoy v. Vallejo, 2:19-cv-01191-JAM-CKD). Another factor to be considered as a true source of his claimed public "embarrassment" is the fact that he was terminated from his employment at the Vallejo Police Department.

*(4)  whether confidentiality is being sought over information important to public health and safety;*

The sought after information that is the subject of this dispute is unquestionably of high public import. The information the Defendants are seeking to shield and prevent from being shared is important to public safety because citizens need to be able to hold accountable not only the decidedly poor conduct of their City's officers but also the Department that continues to retain and inadequately supervise and discipline its officers which directly impacts the public's safety and general welfare.

*(5)  whether the sharing of information among litigants will promote fairness and efficiency;*

The sharing of this information will promote fairness and efficiency by not permitting the privilege of shielding documents from public view being used to conceal a publicly paid employee's nefarious conduct.

(6) *whether a party benefitting from the order of confidentiality is a public entity or official; and* (7) *whether the case involves issues important to the public. Glenmede Trust*, 56 F.3d at 483.

In the case at bar, it is uncontested that the parties seeking the benefits a sealing order is a public entity and a former public official. The public entity and officer are seeking to seal matters that are *extremely* important to the public.

Under the California Brown Act, California local governments are required to publicly report "the substance" of any settlement agreements they approve. Cal. Gov. Code § 54957.1(a)(3). This requirement reflects the Brown Act's overarching philosophy that public agencies' actions and deliberations should be made "openly." Cal. Gov. Code § 54950; see also id. § 54953. The doctrine of public access is thus statutorily imbued into the facts of this case, which concluded with the Vallejo City Council approving the parties' settlement. The fact that $5.7 million in public funds[4] were spent to settle this case further implicates a public interest in disclosing Defendant's deposition testimony that evidenced his motive to shoot and kill Ronell Foster to fulfill his vigilante mission as well as his involvement in a police gang that targeted minorities and celebrated killing them. *See Mendez v. City of Gardena*, 222 F.Supp.3d 782, 792 (C.D. Cal. 2015) (unsealing a confidential document and noting that "the fact that [the defendants] spent the city's money" to pay a $4.7 million settlement "only strengthens the public's interest in seeing the videos").

"Indeed, the public unquestionably holds a hefty interest in police force transparency, and especially so when fundamental rights are at stake." dee, e.g., Sampson v. City of El Centro, No. 14-cv-1807-L (DHB), 2015 WL 11658713, at *10 (S.D. Cal. Aug. 31, 2015) (finding in the context of

---

[4] $5.7 million settlement reached in 2018 Vallejo police shooting death of Ronell Foster
https://www.kron4.com/news/bay-area/5-7-million-settlement-reached-in-2018-vallejo-police-shooting-death-of-ronell-foster/

Rule 26(c) that "**allegations of improper police treatment of minorities is an issue of importance to the public**")(emphasis added).

"Public awareness and criticism have even greater importance where, as here, they concern allegations of police corruption, see Nebraska Press Assn. v. Stuart, 427 U.S. 539, 606, 96, S.Ct. 2791, 2825, 49 L.Ed.2d 683 (1976) (Brennan, J., concurring in judgment)"

Here, the City of Vallejo paid a multi-million dollar settlement due to Defendant McMahon's brazen and unjustified killing of Mr. Foster but also due in part Defendant McMahon's allegiance to a police gang, his bending of his badge to celebrate killing minorities and the etching of a vigilante motto onto the back of his department issued pistol.

Furthermore, information designated confidential is commonly stripped of confidentiality during civil rights litigation. *See Economus v. CCSF,* 2019 WL 1483804 at *9 (N.D. 2019) (unsealing two internal affairs reports that contained findings both sustained and unsustained regarding an officer's conduct over defendants' objections); See *Kamakana*, 447 F.3d at 1186 (affirming denial of motion to seal documents that city asserted were subject to law enforcement privileges and inflict embarrassment); *Doe v. City of San Diego*, WL 1921742, at *6 (S.D. Cal. May 14, 2014) (no compelling reason to keep under seal an internal affairs investigation report).

### c.  The Information Is Inherently Public

Additionally, the information Defendants seek to seal is related to an internal affairs investigation and deposition testimony that occurred subsequent to, and as a result of, Defendant McMahon gunning down Ronell Foster in a dark alley and etching a vigilante motto on the back of his gun that inspired his decision to kill and then lie about what transpired afterwards.

His deposition testimony and subsequent internal affairs investigation clearly falls within the purview of §832.7 (b) which makes information related to the discharge of an officer's weapon

including all related personnel and internal affairs information connected to the incident in any way public. Cal Pen. Code §832.7(b)(1)(A)(i) and (b)(2); *see Moore v. City and County of San Francisco*, 2020 WL 7260530 at *7 (N.D., Dec. 2020) (denying officers' motion to seal and ordering be made public materials related to the police investigation of an officer involved shooting that took place subsequent to the incident because it fell under the purview of §832.7(b)).

### 2.  The Information Requested to Be Sealed Is Already in the Public Domain

The sole reason Defendants offer up as good cause for granting their Motion is that the information discussed in their motion relates to information designated as confidential per the protective order and hence should remain confidential. However, Defendants concede, by way of their motion that this information is *already in the public domain*, as a result of an inadvertent disclosure in a dispositive motion filing done several months ago on June 26, 2020. (Doc. 57; 72) Defendants now seek to sanction the attorneys for that inadvertent release of information despite the inadvertently disclosed information and additional similar information being readily accessible in the news media and internet despite the inadvertent disclosure.[5] Whatever effect sealing would have to keep the disputed information confidential would necessarily be ineffective.

### 3.  The Information Can Be Redacted And the Rest of the Motion Filed on the Public Docket

Should the court somehow determine to grant Defendants' request to designate their Motion and attendant documents confidential, the court should exercise its discretion to only order specific information which the court deems worthy of confidentiality redacted as the Court may grant and deny in part requests to seal. See E.D. Local Rule 141 (e)(1-2)). Indeed, , the majority of the

---

[5] "Fired Vallejo officer details killing Ronell Foster, lax investigations in deposition"
https://www.ktvu.com/news/fired-vallejo-officer-details-killing-ronell-foster-lax-investigations-in-deposition

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

8

documents, declarations and exhibits Defendants submitted *do not describe* confidential information. Therefore, if the Court wishes to grant Defendants' request any confidentiality order should be narrowed to the information and documents that are actually confidential. A motion praying for sanctions and civil contempt order against civil rights attorneys should not be sealed.

### 4.    The Entire Motion Should Be Stricken On Its Face For Violation of E.D. Local Rule 141.1 (f)

Finally, on its very face, Defendants filed a motion for which no relief can be granted, because they are attempting to enforce the terms of the protective order after the clerk has already entered the close of case. The entirety of Defendant's motion is predicated on the violation of the terms of a Stipulated Protective Order for a case the court closed on September 25, 2020. (Doc. 70).

Eastern District Local Rules mandates: "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." (E.D. Local Rule 141.1 (f)). Defendants did not request the Court to retain jurisdiction or to keep the action open while the remaining parties executed their settlement. The Local Rules explicitly state the Court will not retain jurisdiction once the Clerk has closed an action, the rule is *not conditioned* on the filing of a stipulated dismissal, settlement, entrance of judgment or any other terms unless the Court "otherwise ordered" – which it did not.  Indeed, the parties have already executed their release and settlement of all claims and fully performed under the terms thereof. (Buelna Decl.). Therefore, the Court should strike Defendants' Motion in its entirety should since the Court by its own rules, declined to retain jurisdiction.

### 5.    Defendants Request to Pre-Emptively Require the Oppositions and Reply to Be Under Seal Is Improper

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

9

Most troubling, Defendants requested that the Court order that Plaintiffs' opposition be filed under seal. Defendants do not even know if Plaintiffs' opposition would reference and potentially confidential information, but nevertheless move to seal it without citing any local rule authorizing such a strident proposition.

In truth, Defendants hope to conceal their efforts from public eye and wish for the Court to sanction and silence Plaintiffs' counsels under the veil of confidentiality without citing any authority or making any meaningful explanation for why the entirety of a motion praying for sanctions and civil contempt orders against civil rights attorneys should be hidden from the public.

This request from the Defendants must be put in proper context. Messrs Adanté Pointer & Patrick Buelna currently have several active civil rights cases against the City of Vallejo and its police officers, including two cases that have been regularly and widely publicized in the news: *Burrell v. City of Vallejo* (2:19-cv-01898-WBS-KJN) and *McCoy v. City of Vallejo* (2:19-cv-01191-JAM-CKD).  The McCoy case is yet another case wherein Defendant McMahon shot and killed a young African American man. He was reportedly ultimately terminated for his conduct which endangered the other involved police officer and *not* for killing the sleeping man. He also apparently bent his badge and had a barbecue to celebrate this killing as well.

On the date that Defendants' filed their instant motions and this request, Plaintiffs' counsel already had several meet and confer conferences with Defendants' counsel explaining their claims were baseless and that Plaintiffs' counsels suspected that Defendants were filing them in *bad faith* in order to intimidate them and keep them from civilly prosecuting City of Vallejo police officers, including Defendant McMahon, and the department which condoned and promoted their abhorrent

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

behavior. (Buelna Decl.). Plaintiffs' counsel sent an email notifying Defendants of their patent Rule 11 violation(s) when they communicated their intent to file this instant motion. (Buelna Decl.)[6]

The City of Vallejo officials and its police department are not ordinary public entities but are a municipality beleaguered with corruption and have a documented history of utilizing intimidation tactics to promote and protect its rogue police department. For example, The *New Yorker* recently published an article on November 16, 2020, describing the sort of intimidation tactics the police department and city officials have inflicted on regular citizen and even ex-city council members to silence and bully them : "How A Deadly Police Force Ruled A City After Years of Impunity, the Police in Vallejo, California, Took Over The City's Politics And Threatened Its People." (Buelna Decl., Ex. 1).

Furthermore, Defendant City and its counsels are the subject of a pending Rule 11 violation in another Vallejo police shooting *Monterrosa v. City of Vallejo* (2:20-cv-01563-TLN-DB), wherein the City and its officers employed their attorney (Vallejo City Attorney Katelyn Knight)[7] to file a gag order *at the start of litigation* to preemptively silence not only the civil rights attorneys of record, but also Melissa Nold, who was not even counsel in the case but expressed her outrage at the shooting as a civil rights attorney and resident of Vallejo. This was yet another thinly veiled attempt to keep anyone from discussing the City's misdeeds and infringes upon counsels' 1st Amendment Rights. (Doc. 7) Ms. Nold (who is an attorney of record on the *McCoy* case and has been present and vocal about the Ronell Foster case) has been the subject of harassment and intimidation from Vallejo law enforcement supervisors and officers. (Declaration of Melissa Nold). In fact, Ms. Nold has filed

---

[6] Plaintiffs' counsel will limit their discussion of this issue to why they believe this motion and related papers should not be filed under seal in its entirety and will expand and include more evidence related the issue of intimidating civil rights attorneys in their Rule 11 Motion and opposition if Defendants have not withdrawn their motions by the deadline.

[7] Allen, Glaessner, Hazelwood & Werth represented Defendant City throughout the majority and settlement of this litigation, but *tellingly* could not be convinced to even join in Defendants' motion for sanctions.

several internal affairs complaints about the intimidation attempts to silence her which resulted in a sustained finding against Vallejo Lieutenant Michael Nichelini. (Id.) Vallejo Lt. Nichelini, who is also the Vallejo Police Union President, recently threatened an African American journalist because the journalist has written articles illuminating and criticizing the City of Vallejo and the Police Department's corruption.[8]

Plaintiffs' counsels acknowledge it is atypical to bring into an opposition to Request to Seal such facts, which are more appropriate for the forthcoming Rule 11 motion. However, Plaintiffs' counsel wished to provide the Court the context and basis for why Plaintiffs' counsel firmly believes the Motion to Seal is just another part of Defendants strategy to shield their unscrupulous behavior from the public eye. Likewise, Plaintiffs' counsels firmly believes they are just the latest target of the City of Vallejo's efforts to intimidate, silence and thereby deter ordinary citizens from speaking out against police terror and in this instant civil rights attorneys from prosecuting their civil cases.

CONCLUSION

In light of the foregoing, the Court should DENY Defendants request to seal their motion, declarations and exhibits because: (1) the information sought to be sealed is already irretrievably in the public domain; (2) the information does not merit being concealed from the public and falls within the purview of §832.7(b); and (3) the motion may be simply redacted as to the confidential content and the rest filed on the public docket. Promoting, restoring and maintain the public trust in the judicial branch and its police officers mandate the Defendants efforts be rebuffed.

/

/

/

---

[8] Vallejo police investigating threatening union email sent to reporter
https://www.ktvu.com/news/vallejo-police-investigating-threatening-union-email-sent-to-reporter

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

12

Date: December 24, 2020                    Respectfully submitted,

**POINTER & BUELNA, LLP**

**LAWYERS FOR THE PEOPLE**


/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFFS